UNITED STATES of America, Plaintiff–Appellee,

v.

Cesar JARAMILLO–GARCIA, Defendant–Appellant.

No. 13–50415.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 23, 2014.

Alex Markle, Special Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Amrutha N. Jindal, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Cesar Jaramillo–Garcia appeals from the district court's judgment and challenges the ten-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jaramillo–Garcia contends that the district court erred by granting only a two-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

level fast-track departure under U.S.S.G. § 5K3.1, rather than the four-level departure requested by the government. "In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis,* 641 F.3d 411, 421 (9th Cir.2011). Contrary to Jaramillo–Garcia's contention, the district court did not abuse its discretion in imposing his sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Jaramillo–Garcia's criminal history and numerous prior deportations. *See id.*

**AFFIRMED.**